UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID WILSON #158062,  　　　　　　　　Case No. 2:18-cv-00198

　　　　　Plaintiff,  　　　　　　　　　　Hon. Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　U.S. District Judge
v.

CONNIE HORTON, et al.,

　　　　　Defendants.
_____/

# REPORT AND RECOMMENDATION

## I. Introduction

This is a civil rights action brought by state prisoner David Wilson pursuant to 42 U.S.C. § 1983. Wilson alleges that, on July 3, 2018, Sgt. Adam Bernhardt confiscated his Islamic prayer beads, in violation of his religious and due process rights, while he was confined in the Chippewa Correctional Facility (URF). (ECF No. 1, PageID.3.) Wilson says that Sgt. Bernhardt then issued a misconduct ticket to him for wearing these beads. Wilson alleges that, on July 10, 2018, Lt. Crystal Bigger found him guilty of the misconduct ticket, also in violation of his rights. (*Id.*, PageID.3-4.) Finally, Wilson alleges that, on July 12, 2018, he wrote a letter to Warden Connie Horton to complain about these incidents, and she failed to rectify the problems. (*Id.*, PageID.4.)

Wilson sues Warden Horton, Lt. Bigger and Sgt. Bernhardt, asserting that they violated his rights under the First Amendment, the Religious Land Use and

Institutionalized Persons Act (RLUIPA) 42 U.S.C. § 2000cc-1. (*Id.*, PageID.5.) In addition, Wilson asserts that his rights to due process rights under the Fifth and Fourteenth Amendments were violated. (*Id.*)

Defendants Horton and Bigger filed motions for summary judgment and Wilson has responded. (ECF Nos. 15 and 19.) Defendant Bernhardt concedes that Wilson exhausted his claim against him. The undersigned has reviewed the pleadings and associated documents and respectfully recommends that the Court grant the motion for summary judgment filed by Defendants Horton and Bigger and dismiss them from this case.

**II. Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. ___, 136 S.Ct. 1850, 1859-60 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id*. (quoting *Booth*, 532 U.S. at 737*).* And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*. When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison

4

administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective on July 9, 2007, superseded on March 18, 2019), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. MDOC Policy Directive 03.02.130 at ¶¶ T, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances. *Id.* at ¶ DD.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG.

"The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved." *Id.* at ¶ S.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to Policy Directive 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ W of Policy Directive 03.02.130. *Id.* at ¶ R. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.* Regardless of whether the grievance is filed with the grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with MDOC Policy Directive 01.01.140. The prisoner will be promptly notified that an extension of time is needed to investigate the grievance. *Id.*

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit. For example, where an inmate claims that he received a retaliatory false misconduct, whether a Class I misconduct or a Class II or III misconduct[1], the inmate must first raise the issue during the Misconduct Hearing. *Siggers v. Campbell*, 652 F.3d 681,

---

[1] Violations of written rules within the MDOC are classified as either Class I, Class II or Class III misconducts. Class I consists of the most severe violations, and Class III consists of the least severe. While Class I misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III misconducts are considered "minor" misconducts and are "subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts." MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

693-94. If the inmate is claiming to have received a retaliatory Class I misconduct, he or she must then must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Siggers*, 652 F.3d at 693-94. Alternatively, if the inmate is claiming to have received a retaliatory Class II or III misconduct, he or she must file an appeal based on retaliation. MDOC PD 03.03.105 ¶¶ UUU-XXX; *see also Jones v. Heyns*, 2014 U.S. Dist. LEXIS 55712 at *13-17 (W.D. Mich. Jan. 28, 2014).

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

8

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[2]

### IV. Plaintiff's Allegations

Plaintiff's allegations are summarized in the table below.

| Claim | Defendant(s) | Date or Date Range of Incident(s) |
|---|---|---|
| Defendant violated Wilson's rights under the First Amendment, RLUIPA and due process by confiscating religious beads and issuing a misconduct ticket. | Sgt. Bernhardt | July 3, 2018. |
| Defendant found Wilson guilty of the misconduct ticket. | Lt. Bigger | July 10, 2018 |
| Defendant failed to rectify problems after Plaintiff wrote her a letter complaining about failure of Barnhardt and Bigger to allow him to practice his religious beliefs. | Warden Horton | July 12, 2018 |

### V. Grievances Identified by Defendants

In their motion for summary judgment, Defendants identify one grievance that Wilson filed with MDOC that is relevant to the subject matter of his complaint. They claim that a review of this grievance will demonstrate that Wilson has failed to exhaust his administrative remedies against Defendants Horton and Bigger. Wilson

---

[2]  In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

argues that the grievance exhausted his claims against each Defendant. The grievance is summarized below.

| Grievance No. | Person Named | Allegation | Date or Date Range of Incident(s) | Results at Step 1 | Results at Step 2 | Results at Step 3 |
|---|---|---|---|---|---|---|
| URF-8-07-1918-20C (ECF No. 1-3, PageID.11.) | Bernhardt | Confiscated religious beads | July 3, 2018 | Denied (ECF No. 1-3, PageID.12); (ECF No. 16-3, PageID.92.) | Denied (ECF No. 1-3, PageID.13); (ECF No. 16-3, PageID.90.) | Denied (ECF No. 1-3, PageID.15); ECF No. 16-3, PageID.88.) |

**VII. Analysis**

Defendant Bernhardt concedes that Wilson exhausted his claims against him by naming him in **grievance URF-8-07-1918-20C.** Wilson did not name Defendants Horton or Bigger in his Step I grievance and did not state his claims against them in this grievance. A copy of the Step I grievance is attached below:

> Date Received at Step I  07/09/2018     Grievance Identifier: [U|8|F|1|8|0|7| |1|9|1|1|8| |2|0|C|]
>
> **Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.
>
> | Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
> |---|---|---|---|---|---|
> | David N. Willson Bey | 158062 | LRF-W | 264 | 7/3/2018 | 7/3/2018 |
>
> What attempt did you make to resolve this issue prior to writing this grievance? On what date? 7/3/2018
> If none, explain why. At about 6:04 P.M. I spoke with officer Cicco to contact a supervisor to resolve this matter. He identified a policy recognizing permitted items for each religious group, thus, the deprivation of my right to practice my religion was not resolved and the unconstitutional condition remains.
>
> State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. On the above date, between the hours of 5:10 P.M. – 5:29 P.M. Sgt Beenhardt approached me and inquired about beads around my neck. I clarified for him that they were religious beads for Meditation and Reminder of Prayer. He understood the explanation, yet, in return interfered with my religious practice by instructing me to Remove the beads and Surrender them to him by having me place them on the desk in the Chow hall. To avoid conflict I did as instructed, whereupon Sgt Beenhardt ordered me to Return to the unit. My Religious practice is not confined to a single day out of the week, it is a continuous thing, as such, confiscating my prayer beads infringe upon my religious practice. Continuous prayer is not a threat to the security and/or order of the institution, and the confiscation of my prayer beads is nothing more than harassment, abuse of authority, and religious discrimination resulting in a deprivation of my right to Freedom of Religion.
>
> (A viewing of Chowhall Camera will show transaction even without Audio).

(ECF No. 1-3, PageID.11); (ECF No. 16-3, PageID.91.)

Wilson did not submit any other grievances relevant to his claims against Defendants Horton and Bigger. Wilson did not name Defendants Horton or Bigger in his Step I grievance. The undersigned concludes that Wilson failed to exhaust his administrative remedies with respect to his claims against Defendants Horton or Bigger.[3]

---

[3] It is unclear exactly what Wilson is claiming against Defendant Bigger. Wilson says that Defendant Bigger acted as the hearing officer on the misconduct ticket. Wilson asserts that he exhausted his claim against Defendant Bigger by appealing

11

## VIII. Recommendation

The undersigned respectfully recommends that this Court grant Defendants' motion for summary judgment and dismiss Defendants Horton and Bigger.

If the Court adopts this recommendation, only Wilson's First Amendment, RLUIPA, and due process claims against Defendant Bernhardt will remain.

Dated:  May 27, 2020                                         /s/ *Maarten Vermaat*
                                                                           MAARTEN VERMAAT
                                                                           U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

his misconduct ticket.  However, Wilson's appeal of the guilty verdict on his misconduct ticket did not exhaust a claim against Defendant Bigger.

Similarly, Defendant Horton cannot be sued under 42 U.S.C. § 1983 simply because she is the warden and has supervisory authority over the other Defendants. Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

Wilson has not alleged facts establishing that Defendant Bigger or Defendant Horton were personally involved in the subject matter of his religious discrimination claim.  The alleged roles of Defendants Bigger and Horton in this action involve the failure to act after the alleged religious discrimination occurred.  Defendants cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000).