UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DAVID WILSON, #158062, ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-198 |
| -v- ) | |
| ) | HONORABLE PAUL L. MALONEY |
| CONNIE HORTON, et al., ) | |
| Respondents. ) | |
| ) | |

## ORDER

This is a civil rights action brought by state prisoner David Wilson pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Wilson's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 23; Objection ECF No. 24). Defendants have responded to Wilson's objection (ECF No. 25). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the

district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

The R&R concludes that Wilson failed to exhaust administrative remedies against Defendants Connie Horton and Crystal Bigger before filing this lawsuit. In his objection, Wilson argues that Defendants Horton and Bigger were involved in the alleged deprivations of his First Amendment rights, but Wilson does not explain how he exhausted claims against them, nor does he identify any specific errors in the R&R. Such a general objection need not be reviewed. *See Mira*, 806 F.2d at 637. In any event, on the Court's de novo review, there are no errors in the R&R. The Court agrees with Magistrate Judge Vermaat's conclusion that Wilson failed to exhaust any claims he may have had against Horton or Bigger, and therefore, they must be dismissed. Accordingly,

**IT IS ORDERED** that the May 27, 2020 R&R (ECF No. 23) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 24) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF Nos. 15) is **GRANTED.**

**IT IS SO ORDERED.**

Date:   September 28, 2020                                  /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge